# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 05-1853

———————

United States of America,          *
                                   *
        Appellee,                  *
                                   *   Appeal From the United States
    v.                             *   District Court for the
                                   *   District of Nebraska.
Daniel N. Lloyd,                   *
                                   *        [UNPUBLISHED]
        Appellant.                 *

———————

Submitted:   September 21, 2005
    Filed:   October 14, 2005

———————

Before MURPHY, HEANEY, and MELLOY, Circuit Judges.

———————

PER CURIAM.

Daniel N. Lloyd was convicted of a single count of conspiracy to distribute and possess with intent to distribute more than fifty grams of crack cocaine, in violation of 21 U.S.C. §§ 841 and 846. At sentencing, the district court[1] sustained a motion for a downward departure based on Lloyd's criminal history and sentenced him to the mandatory minimum penalty of 120 months of imprisonment. On appeal, Lloyd's principal arguments are that the witnesses against him were not credible and that they

———————

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

had a motive to fabricate their testimony in hopes of a reduced sentence for their cooperation. He argues that there was no clear evidence of his involvement in any drug conspiracy, but rather the evidence proved only that witnesses were anxious to reduce the time they would spend in a federal penitentiary by testifying against him.

We review the sufficiency of the evidence in the light most favorable to the jury's guilty verdict and accept as established all reasonable inferences supporting the verdict. *United States v. Padilla-Pena*, 129 F.3d 457, 464 (8th Cir. 1997); *United States v. Bascope-Zurita*, 68 F.3d 1057, 1060 (8th Cir. 1995); *United States v. Resnick*, 745 F.2d 1179, 1185 (8th Cir. 1984). To convict Lloyd of conspiracy, the government was required to prove a conspiracy existed, the defendant knew of the conspiracy, and he knowingly became a part of it. *United States v. Jensen*, 141 F.3d 830, 833 (8th Cir. 1998).

Several witnesses testified at Lloyd's trial. The first witness, Kevin Birdine, testified that he sold cocaine to Lloyd on a weekly basis, totaling approximately one ounce of crack cocaine during a four-month period in 2003. He also testified that he saw Lloyd sell cocaine, and that he received money for coordinating sales between Lloyd and buyers. Deandre Robinson testified that he sold crack cocaine to Lloyd on three occasions, totaling approximately seventeen and one-half grams. Jerry Coleman testified that he sold Lloyd approximately one and one-half ounces of crack cocaine in April 2002, and that Lloyd told him he sold crack cocaine to other people. Johnny Brown testified that he sold crack cocaine to Lloyd four or five times a week from June 2003 until Brown was indicted on April 13, 2004. Brown further testified that he was aware of at least one occasion that he sold Lloyd crack cocaine which Lloyd subsequently resold to others. Omaha police officer Joe Baudler arrested Lloyd and others, and testified that a rock of cocaine was found on Lloyd at the police station.

We agree there was sufficient evidence to support the jury's verdict of conspiracy on the part of Lloyd to sell crack cocaine. Lloyd is correct in asserting

that a number of the witnesses had been convicted of drug offenses and that their motives in testifying might be questioned, but this matter was comprehensively addressed by Lloyd's counsel through cross-examination. The issue of credibility is primarily one for the jury to determine. *United States v. Hernandez*, 299 F.3d 984, 989 (8th Cir. 2002). The jury heard and assessed the testimony and determined beyond a reasonable doubt that Lloyd was guilty of participating in the conspiracy to distribute crack cocaine. We find no error in that determination.

On the basis of this record, we are convinced that there was sufficient evidence to justify Lloyd's conviction, and the trial court did not err in denying Lloyd's motion for judgment of acquittal at the close of the government's evidence.

_____